**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LUIS ALFONSO VAQUEDANO VALLEJOS,

Petitioner,

v. Case No. 3:26-cv-1966-WWB-LLL

WARDEN, NORTH FLORIDA DETENTION CENTER, et al.,

Respondents.

---

**ORDER**

Petitioner, a native and citizen of Nicaragua, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (*See* Doc. 1 at 1). Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at North Florida Detention Center. (*Id.*). He asserts that his prolonged detention violates his due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that he is entitled to a bond hearing. (*Id.* at 3–4).

Federal Respondents filed a Response (Doc. 5) with exhibits (Doc. Nos. 5-1 to 5-3), asserting that Petitioner's order of removal became final on July 5, 2026, and thus any claim under *Zadvydas* is premature. (Doc. 5 at 3–7). They also assert that because he is still within the removal period, he must be detained, and his detention is lawful. (*Id.* at 5).

In *Zadvydas*, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. 533 U.S. at 701. The Court also

concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

The "removal period" begins on the latest of three dates: (1) the date on which the order of removal becomes administratively final; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *See* 8 U.S.C. § 1231(a)(1)(B); *see also* 8 C.F.R. § 1241.1(a)–(f) (outlining the procedural circumstances that render a removal order final). The Attorney General must detain an alien during his removal period. *See* 8 U.S.C. § 1231(a)(2).

Here, an immigration judge ordered Petitioner removed on July 5, 2026, and Petitioner waived his right to appeal. (Doc. 5-3 at 3–4). Thus, Petitioner's "removal period" for purposes of *Zadvydas* began that day—July 5, 2026. At the time Petitioner

filed his Petition on July 25, 2026, he had been in post-removal-order ICE custody for 20 days (excluding the date on which the Petition was filed). Thus, any claim under *Zadvydas* is premature, and his detention during this removal period is mandatory.

Also, to the extent Petitioner seeks to raise a freestanding procedural or substantive due process claim, the Court notes that when the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas*, it did not instruct lower courts to start weighing the process afforded to the detainee. It set a timer. For the first six months, detention is presumptively reasonable. *Zadvydas*, 533 U.S. at 701. So, until that timer goes off, *Zadvydas* itself seemingly supplies the constitutional metric. *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the *Zadvydas* standard is due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024). Thus, any independent due process claim fails.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) and this case are **DISMISSED without prejudice**.
2. The Warden's Motion to Dismiss (Doc. 7) is **DENIED as moot**.
3. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 2, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C: Luis Alfonso Vaquedano Vallejos, A233915459
Counsel of record